# 95 DTA 220

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE PONCE Y AIBONITO
PANEL I**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

ALEXANDER PABON MATOS Y
LUIS GUERRERO CRUZ
Recurridos

Núm. KLCE-95-00347

San Juan, Puerto Rico, a 30 de junio de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

En el caso de epígrafe el Pueblo de Puerto Rico recurre ante este Tribunal para que revisemos una resolución de la Hon. Eliadís Orsini Zayas donde se suspendió el acto de lectura de acusación presentada por el Ministerio Público contra los recurridos, hasta tanto se resolviera en los méritos una moción al amparo de la Regla 64(p) de las de Procedimiento

Criminal.

Contra los recurridos se presenta acusación por infracción al artículo 401 de la Ley de Sustancias Controladas. Luego de varios procedimientos preliminares, el acto de lectura de acusación quedó señalado para el 5 de mayo de 1995. Cuando se llamó el caso para la lectura, la defensa, en sesión pública, solicitó permiso y radicó en corte abierta una moción titulada "Moción de Desestimación al Amparo de la Regla 64(p) de Procedimiento Criminal.

El Ministerio Público se opuso alegando que el momento para radicar esa moción era luego de que se hubiere leído la Acusación y se hubiere hecho alegación. Por otra parte, la Defensa alegó que el momento para radicar esa moción era luego de que se hubiere presentado y antes de que se leyera.

En su resolución, la juez de instancia dictaminó:

*"Leídas y analizadas en corte abierta las Reglas 52 y 64, párrafo P. de las de Procedimiento Criminal; examinado su texto, claro --en cuanto al evento de la presentación de la acusación y la lectura de la misma-- determinamos que el momento para resolver un planteamiento al amparo de la Regla 64(P) es antes de dar lectura a la acusación.*

*Por lo que, el Tribunal resuelve no dar lectura a la acusación, hasta tanto se resuelva en sus méritos la Moción al Amparo de la Regla 64(P) planteada en cuanto a los acusados Luis Rubén Guerrero Cruz y Alexander Pabón Matos. Dicha moción podrá resolverse por las alegaciones y no es necesario celebración de vista."*

Es ante esta Resolución que el Ministerio Público recurre al Tribunal de Circuito de Apelaciones. Nos corresponde determinar cuál es el momento donde procede la presentación de una moción de desestimación al amparo de la Regla 64(p) de las de Procedimiento Criminal.

La Regla 64 de las de Procedimiento Criminal establece en su inciso P lo siguiente:

*"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:*

*(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."*

Es la Regla 63 de las de Procedimiento Criminal la que establece los términos en que deberá radicarse dicha moción. Nos dice la Regla 63:

*"Excepto las defensas de falta de jurisdicción del tribunal y la de que no se imputa delito, las cuales podrán presentarse en cualquier momento, cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo* **se deberá promover mediante moción presentada al hacerse la alegación de no culpable o** *antes de alegar,* **pero el tribunal podrá permitir por causa justificada la presentación de dicha moción dentro de un período no mayor de veinte (20) días después del acto de lectura de la acusación en los casos en que deba celebrarse dicho acto.** *Cuando se hubiere entregado personalmente al acusado una copia de la acusación, el término para la presentación de la moción será de no más de veinte (20) días desde que el acusado hubiese respondido. Cuando no hubiese contestado, el término sera de no más de veinte (20) días después de que se registre la alegación de no culpable.*

*La moción incluirá todas las defensas y objeciones de tal índole de que pueda disponer el acusado. La omisión de presentar cualquiera de dichas defensas constituirá una renuncia de la misma, pero el tribunal podrá eximir al acusado, por causa justificada, de los efectos de tal renuncia.*

*Una moción para desestimar basada en lo provisto en la Regla 64(n) (3) ó (4) deberá presentarse antes de ser llamado el caso para juicio."* (Énfasis suplido)

La Regla 63 que acabamos de transcribir fue objeto de enmienda mediante la Ley 65 del 5 de julio de 1988. Con anterioridad a esta regla no existía el término de veinte (20) días que se menciona, sino que la anterior regla hablaba de un *"período posterior razonable"*. Sin embargo, ni la anterior regla, ni la regla enmendada aclaran el asunto que nos corresponde resolver en el caso de epígrafe. La Regla ni la jurisprudencia interpretativa aclaran lo que significa la frase **antes de alegar.** Nada en la regla ni en su jurisprudencia explica si esa frase se refiere al momento posterior a la lectura de acusación, pero previo a la alegación de culpabilidad o inocencia, o si por el contrario se refiere a cualquier momento previo a la alegación incluyendo antes de la lectura de acusación.

Para resolver la controversia que nos ocupa en el presente caso es menester analizar el propósito que se persigue con la lectura de acusación y las repercusiones que tendría someter una moción de desestimación con anterioridad a la misma.

El acto de lectura de acusación forma parte del debido proceso de ley puesto que incluye el derecho constitucional del acusado a ser notificado de la naturaleza y causa de la acusación; ▉ además garantiza el derecho de éste a carearse con los testigos de cargo▉ según queda establecido en la Regla 52 de las de Procedimiento Criminal, que dispone *inter alia* que se entregará al acusado copia de la acusación con una lista de los testigos, antes de que se le requiera que formule alegación alguna.

En el presente caso no debemos perder de vista que estamos ante la interpretación de una regla cuyas repercusiones son de naturaleza penal. Es claro que el principio a interpretar los estatutos penales de manera restrictiva▉ no obstante, el Tribunal Supremo de Puerto Rico estableció en *Pueblo v. Arandes De Celis,* 120 D.P.R. 530, 538 (1988) la norma a los efectos de que *"...un estatuto penal debe ser interpretado restrictivamente en cuanto a lo que desfavorece al acusado y liberalmente en cuanto a lo que le favorezca".*

No vemos razón alguna por la cual no se pueda permitir que se dilucide una moción al amparo de la Regla 64 (p) de las de Procedimiento Criminal antes de la lectura de acusación en ausencia de perjuicio para cualesquiera de las partes. Entendemos y así lo resolvemos, que la Regla 63 de las de Procedimiento Criminal implícitamente lo permite y, por supuesto, al permitirlo reconoce el efecto que puede tener a posteriores procedimientos. Observamos, además, que el uso de esta Regla por la defensa no dilata los procedimientos excepto en situaciones excepcionales y los tribunales tendrían los medios para controlar el uso desmedido de la misma. La ventaja de permitir, como lo permite la regla, mociones dispositivas antes de la lectura de acusación es la economía procesal y una rápida solución a casos que no ameriten otros procesos. En el caso de autos el hecho de entrar a considerar una moción de esta naturaleza previo a la lectura de acusación, en el caso de que se resuelva favorablemente para el acusado, redundaría en economía procesal pues con ello se daría fin al caso sin necesidad de ulteriores procedimientos. De resolverse de manera adversa para el acusado, el Ministerio Público podría seguir con el procedimiento sin sufrir perjuicio alguno. Consideramos que el Tribunal de Instancia, en su sana discreción, puede considerar una moción al amparo de la Regla 64 (p) de las de Procedimiento Criminal con anterioridad al acto de lectura de acusación.

Por los fundamentos antes expuestos, se confirma la resolución de la Hon. Eliadís Orsini Zayas de 5 de mayo de 1995.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General. El juez Sánchez Martínez emitió opinión disidente.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 220

**1.** Art. II Sec. 11 Constitución del Estado Libre Asociado de Puerto Rico.

**2.** *Supra.*

**3.** Art. 8 Código Penal de Puerto Rico (33 L.P.R.A. sec. 3031)

## OPINION DISIDENTE DEL JUEZ DE APELACIONES SR. SANCHEZ MARTINEZ — 95 DTA 220

San Juan, Puerto Rico, a 28 de junio de 1995

La controversia que plantea este caso es si actuó correctamente el Tribunal de Primera Instancia al suspender *sine die* el acto de lectura de acusación por el mero hecho de que el acusado presentó una moción de desestimación de la acusación.

Del récord ante nos surge que se presentaron sendas acusaciones contra los dos recurrentes por infracciones al Art. 401 de la Ley de Sustancias Controladas, 24 L.P.R.A. sec. 2401. Los recurrentes presentaron mociones de desestimación de las acusaciones basadas en lo dispuesto en la Regla 64, inciso (p), de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(p), i.e., que la determinación de causa probable para presentar acusación no se hizo *"con arreglo a la ley y a derecho"*.

El día del señalamiento para el acto de lectura de la acusación (5 de mayo de 1995), los acusados solicitaron que se aplazara dicho acto hasta que se resolvieran las mociones de desestimación. El tribunal *a quo* (Hon. Eliadís Orsini Zayas, J.) acogió favorablemente el argumento de los acusados y resolvió que *"el momento para resolver un planteamiento al amparo de la Regla 64(p) es antes de dar lectura a la acusación "*. Apéndice de la petición, a la pág. 1. A renglón seguido añadió: *"Por [tal razón] el Tribunal resuelve no dar lectura a la acusación, hasta tanto se resuelva en sus méritos la moción al amparo de la Regla 64(p)".* Íd.

En la petición de *certiorari* ante nos. El Pueblo sostiene que la suspensión indefinida del proceso hasta tanto se resuelvan las mociones de desestimación, no se justifica bajo ninguna hipótesis. Los recurrentes, en cambio, afirman que el tribunal *a quo* actuó lógicamente pues de ser procedente la desestimación de las acusaciones, realizar el acto de lectura de acusación sería un acto inoficioso.

No hay controversia entre las partes en cuanto a que una moción de desestimación puede ser presentada antes de alegar. No podría haberla. En efecto, la Regla 63 de Procedimiento Criminal, 34 L.P.R.A. Ap.II, R.63, preceptúa que *"...cualquier defensa u objeción susceptible de ser determinada **sin entrar en el caso en su fondo** se deberá promover mediante moción*

*presentada al hacerse alegación de no culpable **o antes** de alegar".*

Que la acusación es el resultado de una determinación de causa probable contraria a derecho es una de esas defensas susceptibles de ser determinadas *"sin entrar en el caso en su fondo"*. Por lo tanto, las mociones presentadas por los acusados fueron correcta y oportunamente presentadas. Por ende, el Tribunal de Primera Instancia deberá resolverlas antes de *"entrar en el caso en su fondo".*

Sin embargo, la frase *"sin entrar en el caso en su fondo"* solo significa que el tribunal a quo deberá resolver la moción *"antes del juicio"* █ Es nuestra opinión que, ni el texto de las Reglas de Procedimiento Criminal ni la práctica que se ha seguido en los tribunales a su amparo, sugieren la interpretación adoptada por el Tribunal de Primera Instancia. La interpretación que consuetudinariamente se le ha dado a la Regla 63 es que las mociones de desestimación presentadas al hacerse alegación de no culpable o antes de alegar, se resuelven oportunamente, antes del juicio, pero después de haberse celebrado el acto de lectura de acusación. Que sepamos, nunca se ha paralizado un proceso penal para evitarle cualquier inconveniencia que pueda ocasionarle al acusado el acto de lectura de acusación.

Como bien apunta el Procurador General, el acto de lectura de acusación *"marca el inicio de la etapa adjudicativa en casos celebrados ante el Tribunal Superior"* [sic] y cumple las siguientes funciones:

*"(1) notificación formal de los cargos al imputado;*

*(2) asegurarse de la identidad del acusado;*

*(3) señalar la fecha en que habrá de celebrarse el juicio;*

*(4) advertir al imputado de su derecho a juicio por jurado, a asistencia de abogado y a estar presente en el juicio, con la salvedad de que su incomparecencia voluntaria equivaldrá a una renuncia;*

*(5) permitir al acusado presentar defensas y objeciones susceptibles de ser dilucidadas antes de entrar a juicio;*

*(6) formular alegación o responder a los cargos; y*

*(7) notificar al tribunal de la posibilidad de una alegación preacordada."*

Petición, a las págs. 3-4.

Nótese que el acto de lectura de la acusación puede dividirse en dos fases: la fase informativa y la fase responsiva. En la fase informativa se le entrega copia de la acusación al acusado, se lee la acusación (o se da por leída si así lo pide el acusado); el tribunal le pregunta y se cerciora del nombre y los apodos del acusado y le advierte que el caso se tramitará bajo ese nombre aunque luego resulte ser falso; se fija la fecha y se le deja citado para el juicio y se le advierte que si no comparece voluntariamente al juicio, éste podrá celebrarse en su ausencia. Durante esta fase no es necesario que el acusado haga alguna alegación.

La segunda fase es la fase responsiva. Requiere que el acusado haga su alegación, *i.e.,* culpable o no culpable. Regla 68 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 68 . El acusado puede solicitar, en la alternativa, un plazo para alegar. █ En uno u otro caso el acusado puede presentar también una moción para que se desestime la acusación. El hecho de

que haga alegación de modo alguno impide que el tribunal resuelva posteriormente la moción y decrete la desestimación de la recusación.

Todo lo contrario es cierto. Presentada oportunamente una moción de desestimación, el caso no puede ir a juicio hasta tanto el tribunal la resuelva adversamente al acusado. Queda, por lo tanto a salvo, el derecho del acusado de no tenerse que enfrentar a un juicio a base de una acusación cuya legalidad está en controversia. Después de todo ese debe ser el único derecho que se derive de la presentación de la moción de desestimación: que no se le obligue a defenderse de una acusación que él ha pedido en debida forma que se desestime por cualquiera de los fundamentos que reconoce la Regla 64 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64.

Finalmente, queremos advertir el riesgo que implica la suspensión del proceso sin dar lectura a la acusación al menos en su fase informativa. Mientras el proceso esté así paralizado, si el acusado se evade de la jurisdicción el juicio no podría verse *in absentia,* pues es en la fase informativa del acto de lectura donde se apercibe al acusado sobre dicha posibilidad.

Además, la suspensión del acto de lectura de acusación tiene un *"efecto-dominó".* Si suspende dicho acto, habrá que suspender el acto del juicio para el cual desde la vista preliminar han sido citados los testigos de cargo (y de defensa, si los hubiere). El dar contraorden a los testigos y luego, en algún momento futuro indeterminado, citarles nuevamente a través de los alguaciles (abrumados de trabajo, como sabemos) constituye un inconveniente mayor que los que puede acarrear los diez o quince minutos que toma el acto de lectura de la acusación.

Por entender, que la interpretación del tribunal *a quo,* ahora adoptada por mis estimados compañeros de estrado, no representa el balance más pragmático en el proceso ni encuentra apoyo en el uso y costumbre de los pasados años, respetuosamente disiento.

**HIRAM A. SANCHEZ MARTINEZ**
**Juez de Apelaciones**

### ESCOLIOS 95 DTA 220

**1.** Ciertamente, el juicio no es el acto de lectura de la acusación. De hecho, el juicio no puede celebrarse hasta pasados veinte días de celebrarse el acto de lectura de la acusación. Regla 109(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.109(a).

**2.** Nuestras reglas de procedimiento criminal regulan el **momento de la presentación**, la forma o requisitos de la moción y el efecto de que el acusado prevalezca en su solicitud de desestimación.